**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

WISE DAVID ALLEN *
WISE MARCUS ALLEN
ANANDA JASMINE ALLEN *
Plaintiffs,
v. * CIVIL ACTION NO. PJM-06-658

GAIL DORSEY, DIRECTOR OF THE *
OFFICE OF CHILDREN SUPERVISED
VISITATION CENTER *
CITY OF DISTRICT OF COLUMBIA
Defendants. *
***

**MEMORANDUM OPINION**

On March 13, 2006, Wise David Allen ("Allen"), a resident of Germantown, Maryland, filed this complaint on behalf of himself and his two minor children Ananda (age 5) and Wise Marcus Allen (age 7) alleging civil rights violations and tortious misconduct. The pro se cause of action is difficult to decipher. It appears that Allen takes issue with Defendants' alleged failure to provide for visitation at the Visitation Center on three separate dates in January and February of 2006, pursuant to court order by the Superior Court of the District of Columbia.[1] Paper No. 1. Allen alleges that Defendants have a record of the children being abused and subjected to an inappropriate home environment by their mother. *Id*. He further complains about the determinations of the

[1] Allen may be referring to the District of Columbia Superior Court Supervised Visitation Center ("Center") which provides supervised visitation and exchange services primarily to court-referred domestic violence cases. According to its website, the Center has four primary objectives: (1) to provide a neutral location for visits between children and non-custodial parent; (2) to serve as a site for exchanges of children; (3) to protect the safety of children and the custodial parents; and (4) to preserve the visitation rights of non-custodial parents. *See* www.dccourts.gov/dccourts/superior/dv/visitation.jsp.

Superior Court of the District of Columbia with regard to his children's custody.[2] *Id*. Allen seeks an aggregate monetary award of $24,000,000.00 for alleged violations, "not excluding injunctive remedy." *Id*.

Because he appears indigent, Allen's Motion to Proceed In Forma Pauperis shall be granted. His Complaint shall, however, be summarily dismissed without prejudice.

First, to the extent that Allen seeks relief on behalf of his minor children, he may not so do. Federal courts uniformly do not allow parents, guardians or next friends to appear pro se on behalf of a minor or incompetent person. *See Wenger v. Canastota Central School District*, 146 F.3d 123, 124 (2d Cir. 1998); *Devine v. Indian River School Board*, 121 F. 3d 576, 581-82 (11th Cir. 1997); *Johns v. County of San Diego*, 114 F. 3d 874, 876 (9th Cir. 1997); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). This prohibition is designed to protect the interests of the minor or incompetent person from being compromised by one who lacks the legal training necessary to adequately protect them. It also recognizes that lay persons are not bound by the same ethical obligations placed upon lawyers. *See Brown v. Ortho Diagnostic Systems, Inc.*, 868 F. Supp. 168, 172 (E.D. Va. 1994).

In addition, to the extent that Allen is challenging the custody decisions of the Superior Court of the District of Columbia or enforcement of a Superior Court visitation order or agreement, his Complaint is subject to summary dismissal by this federal court. These claims involve direct custody and visitation issues, matters of family law. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal

---

[2] From a review of Allen's indigency affidavit, it appears that he is divorced and is currently paying child support and his children's medical insurance. Paper No. 2.

jurisdiction, federal courts do not have the power to intervene on child custody or visitation decrees.[3] *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992). Accordingly, this Complaint will be dismissed without prejudice to any claims Allen may file in the appropriate state or municipal forum.[4] A separate Order follows.

Date: 3/30/06

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] Disputes arising out of custody decrees fall within the domestic relations exception and thus outside federal jurisdiction. *See Allen v. Allen*, 48 F.3d 259, 261 n. 2 (7th Cir. 1995).

[4] Even assuming that Allen's counts involve viable jurisdictional claims against Defendants in the federal courts, it is clear that venue would be appropriate in the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1391.